**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BENJAMIN DUKHOVNYY VOIN BEY, a/k/a Benjamin Stayton,<br><br>Plaintiff,<br><br>v.<br><br>MOWER COUNTY HEALTH AND HUMAN SERVICES OFFICE OF CHILD SUPPORT,<br><br>Defendant. | Case No. 15-cv-2728 (JNE/TNL)<br><br>**REPORT AND RECOMMENDATION** |

In 2009, plaintiff Benjamin Dukhovnyy Voin Bey — whom was then known by the name Benjamin Stayton — was ordered by a Minnesota state judge to pay $60.00 per month in child support for the benefit of his then two-year-old daughter. *See* ECF No. 1-3. Voin Bey neglected to make the required payments for quite some time, and so, in early 2015, the Mower County Health and Human Services Department mailed Voin Bey a billing message informing him that he owed $1,478.03 in arrearages. *See* ECF No. 1-5. In this lawsuit, Voin Bey alleges that, as a Moorish National, he is immune from the operation of Minnesota law; that the child-support order entered in state court is therefore illegal; that the Mower County Health and Human Services Office of Child Support has attempted to defraud him by requiring him to pay child support; that the collection of child support by a state agency amounts to a conflict of interest; and that the billing notice was sent in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Voin Bey did not pay the $400.00 filing fee required for civil litigation in this District. Instead, Voin Bey applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP

application is now before the Court and must be considered before any other action may be taken in this matter.

The IFP application submitted by Voin Bey indicates that he has earned absolutely no income of any kind over the past twelve months, that he anticipates earning no income of any kind next month, and that he has not so much as a cent to his name.  If true, then Voin Bey would unquestionably qualify financially for IFP status.  That said, this Court has reason to believe that Voin Bey — despite attesting under penalty of perjury to the truthfulness of the financial information provided in his IFP application — has not been entirely forthcoming.  For one thing, Voin Bey's IFP application is signed "without prejudice, without recourse," suggesting that Voin Bey is perhaps attempting to avoid the potential consequences of untruthful answers.  ECF No. 2 at 1.  For another, Voin Bey has appended to his IFP application an "Affidavit of Financial Statement," which explains that Voin Bey has affirmed that he has no income because he does not "have, or possess, any gold or silver coins, as prescribed by United States Constitution Law . . . ."  *Id*. at 7.  Voin Bey also asserts in his Affidavit that the Court's requirement of financial information being provided in conjunction with an IFP application "is used as an instrument to deny me due process of law and my right to free access to the courts." *Id*.  Under these circumstances, this Court has little confidence that the information provided by Voin Bey in his IFP application is accurate, and thus cannot conclude that Voin Bey qualifies financially for IFP status.

Whatever Voin Bey's true financial status might be, his IFP application must be denied.  Under 28 U.S.C. § 1915(e)(2)(B)(i), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

. . . the action or appeal . . . is frivolous or malicious." Voin Bey's complaint and accompanying documents bear many of the hallmarks of frivolity. The complaint is replete with citations to irrelevant cases and excerpts from a "Treaty of Peace and Friendship" between the Moors and the United States, making it exceedingly difficult to separate Voin Bey's factual allegations from the chaff that permeates the rest of the pleading. Throughout the complaint, from the caption ("Voin Bey, Authorized Representative, Non corporate Entity, All Rights Reserved, Sui Juris, De Jure, In Propria Persona . . .") to the signature block[1] ("Voin bey Sui Juris, De Jure, In Propria Persona, Ex Rel BENJAMIN STAYTON. All rights reserved, without recourse." [Sic throughout]), Voin Bey peppers legalistic incantations of no real-world significance. And the central premise of Voin Bey's lawsuit — that he is immune from legal obligations because he is a "Moorish American National," Compl. at 8 — is nonsensical. This is a frivolous lawsuit.

An IFP application will also be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard

---

[1]Voin Bey has also failed to sign his complaint, in violation of Fed. R. Civ. P. 11(a).

legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

None of Voin Bey's claims has merit.  Voin Bey has not made a plausible showing that the order requiring him to pay child support was entered without the requisite due process of law (indeed, it appears from those orders that Voin Bey participated fully in the child-support proceedings).  Nor has Voin Bey plausibly alleged that he is immune from the Minnesota statutes requiring him to pay child support, or that the payment of child support for a person of his circumstance is merely voluntary.  Employees of the State of Minnesota and political subdivisions thereof are not "debt collectors" for purposes of the FDCPA and are thus largely (if not entirely) immune from the operation of that statute when acting in performance of their official duties.  *See* 15 U.S.C. §§ 1692a(6)(C) & 1692a(8); *Neujahr v. Steinke*, No. 4:09CV3005, 2009 WL 2003293, at *2-3 (D. Neb. July 6, 2009).  Further, "child support is not an 'obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes,'" and so child support is not a "debt" under the FDCPA.  *Okoro v. Garner*, 21 Fed. App'x 486, 488 (7th Cir. 2001) (quoting 15 U.S.C. § 1692a(5)); *accord Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994).  And the factual circumstances of the putative fraud committed by Mower County — which appears, for all intents and purposes, to be simply the lawful effectuation of Minnesota's child-support laws against a recalcitrant parent— have not been pleaded with the requisite particularity.  *See* Fed. R. Civ. P. 9(b).  Voin Bey is not entitled to relief on any of his claims, and his frivolous complaint should be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Benjamin Dukhovnyy Voin Bey's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Dated: June  24 , 2015              *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge

*Voin Bey v. Mower County Health and Human Services Office of Child Support*
Case No. 15-cv-2728 (JNE/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.